COWART, Judge.
Cohen, an attorney, sold an apartment complex, subject to a mortgage, to appellants, Steven Jay Wolk, an attorney, and Wolk’s parents. The son acted as attorney for his parents in the transaction. The *860 contract of sale provided in part that the conveyance was:
(b) Subject to AND assumption of Mortgage in favor of American Pioneer Savings ... having an approximate present principal balance of $185,000 ... (Emphasis added.)
The closing statement provided in part under the topic, “Credits to Buyer”:
...Existing Mortgage Assumed by Buyer from
AMERICAN PIONEER.$185,774.72
(Emphasis added.)
The deed given pursuant to the contract provided that the conveyance was:
Subject to that certain mortgage in favor of [American Pioneer’s predecessor] dated May 1, 1985 ... which unpaid principal balance the grantee herein assumes and agrees to pay. (Emphasis added.)
The buyers took possession and made payments on the mortgage to American Pioneer from January, 1986 through March, 1990. When they became aware that the apartment complex was subject to many conditions violating municipal code provisions, the buyers discontinued mortgage payments. Appellee, The Resolution Trust Corporation, as conservator of American Pioneer, brought an action against the seller (Cohen) and buyers (the Wolks) not to foreclose the mortgage but to obtain a personal money judgment against the defendants on the original note secured by the mortgage. The seller Cohen cross-claimed against the Wolks for indemnity, asserting that the Wolks had assumed the note and thereby became the primary obli-gors thereon and owed Cohen the obligation to pay the note. The Wolks answered both pleadings raising various affirmative defenses. Among these defenses was the Wolks’ claim that there was no separate assumption agreement and they never read the assumption language in the deed.
The trial court entered partial summary judgment in favor of Cohen ruling, in effect, that the Wolks assumed and agreed to pay the promissory note secured by the mortgage. The Wolks appeal. We affirm.
The written language quoted above from the contract to sell, the closing statement and the deed were sufficient, as a matter of law, to establish that the Wolks not only took the property subject to the mortgage, but assumed the indebtedness evidenced by the promissory note and secured by the mortgage.
An assumption agreement is not required to be contained in a separate document. The assumption language in the deed is rather classical and is entirely adequate to accomplish the legal purpose of causing the grantees to assume an existing encumbrance rather than merely take a title which is subject to the existing encumbrance. Neither can a party defend against the enforcement of a written contract on the ground that he failed to read the contract. Merrill Lynch v. Benton, 467 So.2d 311 (Fla. 5th DCA 1985). Neither the pleadings, affidavits nor other matters presented by the Wolks establish a genuine issue as to any material fact relating to their assumption of the indebtedness evidenced by the note secured by the mortgage in this case and Cohen was entitled to a judgment on that issue as a matter of law. The positions asserted by the Wolks are, as a matter of law, insufficient defenses and mere paper issues which cannot avoid a summary judgment.
AFFIRMED.
COBB and HARRIS, JJ., concur.